We'll hear argument next in number 2009-7039, Julius Goltz against the Secretary of Veterans Affairs. Mr. Ivan, when you're ready. Good morning. Good morning. May it please the court. VA has a duty to assist veterans for claimants. It's a uniquely pro-claimant system. And part of that duty is to obtain records. Records which are in possession of the government or private records. The issue is whether or not Social Security records are ipso facto relevant. You agree the VA only has a duty to assist in finding relevant records, relevant documents, correct? Yes. The VA doesn't have to go out and find totally irrelevant documents in order to satisfy a duty to assist. Yes, Your Honor. I would agree with that. And I would also agree that agricultural records are relevant to a claim for disability compensation, but that disability records in the Social Security Department are relevant. And that this is, there are two different systems, the Social Security Administration and VA. However, they both deal in disability compensation claims. So they have underlying medical records. Even if the disability is a completely different disability? The disability, if I can correct something, that's probably a misconception. Social Security Administration finds whether or not someone is under a disability. And it will look at the most disabling condition. So a person can have many conditions, but the condition which Social Security awards benefits for is the most disabling. It could have a secondary condition. But the underlying medical records for that decision may show many different conditions. A skin condition, a psychiatric condition, a back condition. So Social Security picks out the most disabling conditions. And so all the underlying medical records are relevant to the VA claim. So without those medical records, VA is not really assisting the veteran to fully develop the claim. Is there anything, when the veteran presumably was a party to the process that led to the submission of his records to the Social Security Administration, is there anything in this record that suggests that among his disabilities that were reported to the SSA was PTSD? I can't answer that question to tell you what is in the records that were before Social Security regarding the psychiatric claim, because those records weren't obtained by VA. No, but presumably the veteran would have some idea. If the veteran never complained to any doctor, to the agency, that PTSD was part of his disability, then presumably there wouldn't be anything in those records that would reflect that. And if he did, then possibly there would be. There's nothing on this record that tells us the answer to that question, I take it. That's correct. The veteran who was a pro se is operating uniquely pro-claimant system under the VA. And VA has an obligation to assist in collecting records. Whether or not the veteran knows that in my medical records it's a psychiatric analysis showing that I have a diagnosis for depression or PTSD or I've got a schizophrenic disorder or any type of disorder that a doctor has related to my service rather than anything else, he probably wouldn't really know that unless he looked through his own records. These are veterans who are not really claimants, aren't attorneys. They're simple laypersons who are simply asking the government to go and collect its own records. It's a matter of the government simply sending a fax over to the SSA case and saying, please provide VA with a complete copy of his Social Security records. And it's not very difficult. It's not a fishing expedition. It's more like shooting fish in a barrel. I'm having a hard time understanding or appreciating why this court would have jurisdiction over that question. Even if we would agree with everything you've said in the past five minutes, wouldn't it still remain true that that's a question left to the fact finders in this case and it's not a pure question of law? Unless your view is because of what you said about relevance, relevance means any and everything with no gloss, no subjective gloss on it.  The first answer is that the interpretation of relevance in the statute was decided or was interpreted very narrowly by the Veterans Court rather than very broadly, which would help out the veteran to collect as much information, as many of the records as possible that might be relevant. What are the two definitions? Of relevance? Yes. Very narrowly. What's a narrow definition of relevance as opposed to a broad definition of relevance? In this particular, well, to use these facts. If we're going to construe the statute, if we are really engaged in an exercise of statutory interpretation, what are the two definitions we would look at? Relevance could be determined as whether or not it relates to information regarding a specific disability in the claim. Relevance in terms of whether or not records pertain to any disability, to disability medical records, relevant to what and to what terms? It could be either very narrow. In this case, the records, the judge or the lower court had determined that the records would not be relevant because based on the very narrow understanding of relevant, it did not appear the records dealt with a psychiatric disability but rather just a back disorder, even though these are disability records and they're all disability records. But the second part of the question is that just as in Moore v. Shinseki, in Moore, this court dealt with the question of jurisdiction as well. In the Moore, the court said where the material facts are not in dispute and the application of a particular legal standard would dictate the outcome of a veteran's claim, the court treats the application of law to undisputed fact as a question of law. In Moore, Moore was a very similar case. In this case, the veterans court held that the VA did not have to obtain service medical records prior to the date of claim, that they would not be relevant. And this court held that in consideration of all the evidence in deciding a claim, that a claim has to be decided based on the history of the condition, including records before the claim. And that was an application of law to fact. Let me ask you about this definition of relevance. I guess I'm going back to what Judge Bryson asked you earlier. Would you say that the definition of relevance is any records dealing with any disability or would you say that the definition of relevance is any records that might in fact deal with this particular disability? The first, not the latter, the former. Your position essentially is there's a per se rule that the agency has to obtain SSA records if it knows that there are some SSA records pertaining to a claim of disability. Yes, because Social Security records are disability records. They're unlike agriculture records. If the guy has applied for an agriculture license or applied for a loan for a farm, these are disability records which the underlying records of the disability determination are medical records. And the medical records oftentimes include VA records which aren't even in the VA's own claim files. So without actually seeing these medical records, yes, some of them might be absolutely pertinent and relevant to the claim. However, some may not. What I can't tell you is whether or not Mr. Gold's records contain any psychiatric evaluations because the records were never obtained. VA simply didn't obtain these records. The board identified the records and said, oh, we see that. But you represent the veteran. If there's some chance that the SSA records would contain some sort of evidence related to his mental condition, wouldn't he be in the position to make that assertion? Yes, I was evaluated by a psychiatrist as part of this. Or yes, they asked me questions related to my mental state. Anything at all. I mean, the board, it seems to me, the Veterans Court said the appellant does not argue and the record does not indicate that the SSA records will provide any potentially relevant evidence related to the appellant's medical health. Mental health, sorry. Okay. Mental health. So my question is you want to make the VA in every instance obtain these documents, even when the veteran is not alleging that there was any discussion or even any possibility that they contain any relevant evidence related to his condition that he's looking to substantiate his claim on. I represent Mr. Goulds pro bono. I represented him first before the Veterans Court. That's the first time he ever had counsel. When he wasn't before the Veterans Court, before that, at the Board of Veterans Appeals and below at ROs, he was represented pro se or by a veterans service organization, which does not consist of counsel. They're volunteers, people who help out veterans. So we're very familiar with them, but I'm not sure I understand the point. I could not, in the brief to the Veterans Court, I could not tell the court this is something, this is the evidence that would have been found in the Social Security records because we didn't have the records, and I couldn't introduce that either at the court because it wasn't introduced down below. It wasn't the record before the board. I couldn't say to the court, of course, these records clearly contained a psychiatric evaluation, and my client has told me that, and I've been, it just simply wasn't in the record before the agency. I couldn't make that argument. I couldn't say, and counsel asserts that the veteran asserts that he had a psychiatric evaluation. We can't, on appeal, that's not the record before the agency, and I'm sure that it would be stricken from the brief, if not the brief entirely stricken. Does the Social Security Administration make available to your client? I mean, if I go and seek disability benefits from the Social Security Administration, can I ultimately, when my claim is rejected, ask them for the entire file, the entire record? Yes, Your Honor. Accessible by the individual and by his or her lawyer? Yes, Your Honor, it is. However, under the uniquely pro-veteran or pro-claimant system, VA has to collect all records, including medical records that it holds in its custody. All relevant records. All relevant medical records. But again, you're placing the burden on the veteran to go out and get records, but as and more, it's so difficult to get government records. It is extremely difficult. It's not just a matter of calling them up and saying, I would like a copy of my records. A lot of these veterans simply do not understand what is needed or what is necessary in order to win their claim. This is not a phishing expedition, and I understand there's a question of jurisdiction. It's not a phishing expedition. It's simply asking the government to live up to its statutory obligations to simply get records it contains itself. It contains these records. It has these records readily available. I've seen them get them before with simply a fax, and that's it. And that would resolve the issue. Rather than trying to predetermine what the documents contain without actually seeing what they contain. Why don't we reserve the rest of your time for rebuttal and then we'll hear from the government. Mr. Mayor? Thank you, Aaron. May it please the Court. This Court does not possess jurisdiction to review whether the Social Security Administration records at issue would be relevant to the petitioner's claim. This is a question of fact on which the petitioner has failed to offer any argument below. Suppose that, well, as in fact Mr. Robbins has said, that their position is that the definition of relevance is any material in the possession of the SSA pertaining to a disability claim. Doesn't that convert an otherwise factual inquiry into a purely legal claim as to what the definition of relevance is? Yes, Your Honor. The only argument the petitioner can make before this Court is whether, as a matter of law, all Social Security Administration records are per se relevant, irrespective of whether they bear any reasonable relationship. He just told us that's the argument he's making. And that is not an argument which is supported by the plain language of the statute, by the language that Congress chose to draft. Congress specifically defined the Secretary's obligations as making reasonable efforts to obtain relevant records, not to obtain all medical records, not to obtain all records in the possession of the government, but to obtain those records which are relevant. And in this particular case, as a factual matter below, the Board determined that those records are indeed not relevant. So this Court, in general, would have to, in order to grant the petitioner relief, hold that all Social Security Administration records are always relevant, despite the language of the statute. Well, I don't think it's quite that broad. We're talking about medical records. That's correct, Your Honor. Medical records pursuant to a disability claim. I mean, it's doubly narrow. It's not just all medical records. It's medical records that are directed at an SSA disability claim, right? That's correct, Your Honor. Medical records within the confines of a Social Security Administration disability claim. Arguably. But that language doesn't appear anywhere in the statute or the regulations. Right. It is simply crafting a new term which was not in the statute. The proper way to resolve this issue, the proper way to look at this case, is to look at it as a factual question. Which is, is there evidence to show that the records were indeed relevant? And the Veterans Court and the Board before had sufficient evidence before to determine that, in this instance, those Social Security medical records are indeed not relevant to the claim. There is no presumption, contrary to what counsel for the petitioner argues, that Social Security Administration records will contain irrelevant information, which will be ultimately relevant to the claim that the petitioner is setting forth before the VA. In this case, as a factual matter, the Social Security Administration's decision was focused upon a back injury incurred as a result of an automobile accident in which the petitioner, sitting at a red light, was struck from behind. What if we all knew, and the record was undisputed, that the Social Security disability had something to do with migraines, some neurological problem? Would that be sufficient to establish sort of a relevance to the government here? Well, not here, Your Honor, but below it may very well be sufficient, as a matter of fact, to have established that there was indeed some relevance. If below the Board or the Veterans Claims Court had found that there was a reasonable relationship, yes. I can imagine factual situations in which... Okay, what about another scenario in which the veteran says, well, yeah, they only gave me my money with respect to my back injury, but part of what I asked them to look for had to do with PTSD or related injury. They just never reached that, so they did all the investigation. They had medical records. They just didn't reach it because they gave me all of this disability on my back. Would that be sufficient to establish relevance for the government? If indeed, as a factual matter, he had asserted that below, it would be a much more difficult case, yes. Your Honor, I have to say that I can't make that determination, however, in the first instance because indeed it's a factual question based upon the record and the record that would be before the Board and before the Veterans Court below. At what point did the existence of the Social Security documents become a part of this case? Well, the Social Security Administration decision was attached to the initial application that the petitioner filed. The petitioner filed an application for both a pension claim, which was related to the back injury, and also for post-traumatic stress disorder compensation. How can the VA just routinely get them? Is it difficult to obtain? Your Honor, I don't know in this particular case whether it would be difficult to obtain. That would depend upon the Social Security Administration's record-keeping practices and what they had in a particular instance. My point being, in a proclaimant system as we have, when you have the veteran bringing the Social Security disability proceeding to the attention of the VA from the very outset, it seems unfathomable to me that a phone call, a fax, something wouldn't be done to attempt to obtain. I mean, it wasn't the case here that an attempt to obtain the records failed, right? There was just never an attempt. No, there's no evidence in the record of an attempt to obtain the relevant records. But in this particular instance, the records were relevant to the extent they were relevant to his pension claim, which is not being challenged. The VA did not view it as relevant to his post-traumatic stress disorder claim. It would have no indication of stressors in that particular decision, likely no current diagnosis since it was indeed a back claim, and since the Social Security Administration's decision went over in detail the evidence that they were considering in granting disability. So there was no... Is he correct in, I don't really understand how this disability Social Security process works, but is he correct in suggesting that the Social Security Administration will consider a range of possible medical conditions that could give rise to disability, choose the one that sort of gives rise to the most disability potential, because I guess what I'm getting at is maybe could they have considered his PTSD or his mental instability and then said, well, that's not as prevalent as your back pain, back injury. Your Honor, what the Social Security Administration does does vary on a case-by-case basis. I've seen Social Security Administration decisions which do talk only about one condition. I've seen which talk about multiple conditions. In this case, we know that his claim before the Social Security Administration arose as a result of an automobile accident. So there is no indication whatsoever in the Social Security Administration's decision that they would have considered post-traumatic stress disorder arising as a result of his time with Veterans Affairs. But you imagine as far as relevance goes, this would be a very different case if the Social Security Administration and or his claim to them somewhere in some of these documents that were presented, they indicated a mental condition. Yes, Your Honor, and that's a factual issue which is determined by the Veterans Court and the board below. But I guess his point to us is we don't know if those documents indicate there's an underlying mental condition because they weren't obtained. And, Your Honor, this court doesn't have to make that determination in the first instance because that determination was reviewed by the Veterans Court and the board below as a factual matter. It reviewed whether or not the documents were indeed indicated that there was relevant information. Why not just get them all the time? Is it an onerous burden on the government to whenever a claimant brings them to your attention and in the filing of a complaint just try to obtain them? Is that a particularly onerous burden to place on the VA? Not necessarily, Your Honor, although there are many veterans' claims which come forward and by focusing upon the relevant information, the VA is most efficiently able to obtain documentation and focus upon the documentation that pertains to the claim before it. The Veterans Affairs should be focusing upon the conditions which are raised and claims which are raised before it. So is it incredibly onerous? In many cases, no. It's not onerous to obtain these records. But again, the duty of the Secretary is only to obtain those relevant records and to focus upon the claim which has been made by the veteran. Congress in general did not create a statutory presumption that all medical records held by the government are relevant. And for these reasons, the reasons set forth in our brief, we respectfully request that the court affirm the opinion of the Court of Appeals for veterans' claims. Thank you. Mr. Craig, you have almost four minutes. No party here today knows what exactly is contained in the medical records that were before the Social Security Administration. The only facts which are known include the decision of the Social Security Administration, which does not mention a psychiatric disability. But to state that that rules out whether or not there are any relevant medical records which were included in Social Security records would be an assumption. It would be a presumption. And the rule announced by the Veterans Court in interpreting the statute is that if a Social Security decision is based on a claim which is not currently before VA, then the Social Security records are not facially relevant. And therefore, VA has no duty to assist in obtaining records, even if a veteran submits a copy of a decision that says, here are my Social Security records, could you please get them for me? Or I'm filing a claim for entitlement to compensation. Here's a copy of my Social Security award. And under these circumstances, under this rule announced by the court down below, VA has no duty to assist. Under 5103A.A.2, the duty to assist, VA has no duty, if there is no reasonable possibility that such assistance would aid in substantiating a claim. And relevancy is now becoming part of A.A.2. By saying it's no longer, it's not relevant, there's no reasonable possibility that such assistance could aid in substantiating a claim. No one can say that in this court, that there's no reasonable possibility because no one has seen the records. Well, the VA actually made that fact-finding though. They made a fact-finding these documents are not relevant. That's correct. They stated that facially, on its face, because the decision deals with a back disorder, that they're not facially relevant. They're not trying to ask us to appeal that fact-finding. No. I'm simply stating that the rule announced by the court is that if a document, if a record's not facially relevant on their face, then VA has no obligation to obtain them. And that would fundamentally change the system of the duty to assist. Veterans having to provide a- I'm not sure that their rule quite goes that far. Does it? I mean, suppose that the veteran did come in and said, well, the records don't reflect it. The records that I have in my possession now don't reflect it. But in fact, I claimed to the Social Security Administration not only that I had a back problem, but also that I had these constant neurological issues. And I think you ought to get the records because I think the records would reflect that. I mean, that would certainly be outside of your characterization of what the rule that the VA is applying is, but it seems to me that that would be a fair way of getting at the issue of relevance, don't you think? It would, but a lot of these veterans- But that's not- The VA is not saying we wouldn't get the records under those circumstances, are they? You don't read their opinion that way. No. I didn't read it that way, but I did read it as saying that now in order for the duty to assist to apply, a veteran must state with specificity how records are relevant to his or her claim. And I don't think that was Congress's- that wasn't the Congressional intent of telling the government, all you need to do is send a fax to get the Social Security records, versus a claimant who simply is pro se. Thank you. Thank you. Thank you both, counsel. The case is submitted.